**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**NORTHERN STATES BEEF, INC., Respondent.**

No. 77–1091.

United States Court of Appeals, Eighth Circuit.

Submitted March 28, 1978.

Decided May 8, 1978.

---

Dorothy Moore, Atty., N. L. R. B., Washington, D. C., argued, for petitioner; Allison W. Brown, Jr., Deputy Asst. Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on brief.

Kelvin C. Berens (argued), Nelson, Harding, Yeutter & Leonard (argued), Lincoln, Neb., Roger J. Miller, and Richard D. Alaniz, Lincoln, Neb., on brief, for respondent.

Charles E. Sykes, Nelson, Harding, Yeutter, Leonard & Tate, Lincoln, Neb., on brief, following N. L. R. B. remand.

Before LAY and ROSS, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

On October 13, 1976, the National Labor Relations Board issued its original order in this proceeding which was initiated by a charge filed with the Board by District Union No. 271 of Amalgamated Meat Cutters and Butcher Workmen of North America (union). The Board affirmed the following findings of the administrative law judge (ALJ): the employer, Northern States Beef, Inc., violated sections 8(a)(1) and (3) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 158(a)(1) and (3), by discharging three employees for their union activities; by giving unlawful assistance and support to the Arthur L. Morgan Union, the employer violated section 8(a)(2) of the Act, 29 U.S.C. § 158(a)(2); the employer violated section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), by threatening to close the plant if the union won the representation election, by interrogating an employee about union activities, and by promising an employee a wage increase if she voted against the union. The Board ordered, *inter alia*, that the employer cease and desist from engaging in the unfair labor practices and reinstate with full back pay the three unlawfully discharged employees.

The Board's application for enforcement of its order was submitted to this court on briefs and oral arguments of the parties on October 13, 1977. This court took judicial notice of the records of the United States District Court for the District of Nebraska in the case of *United States v. Rogers*, Cr. 77–0–14. Those records revealed that Michael R. Rogers, one of the discharged employees, was indicted on four counts under 18 U.S.C. §§ 1341 and 2314, for using the mails in a scheme to defraud Adolph Raska, president and general manager of the employer company, of $5,000. On June 28, 1977, Rogers pleaded guilty to one count and the remaining counts were dismissed.

We remanded the case to the Board with the following instructions:

1. The NLRB Administrative Law Judge shall hold a supplemental hearing and make new findings and recommendations keeping in mind that the credibility of one or more of the union's witnesses has been discredited by the plea and the

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

available FBI evidence in the above-designated criminal case.

2. The Board shall then review the revised findings and recommendations and certify them to this court.

3. These actions shall be completed within 120 days from this date. Thereafter the parties shall have 20 days within which to file simultaneous supplemental briefs not to exceed 25 pages each.

4. This court shall retain jurisdiction of this case. If the NLRB shall fail to certify the above required action to this court within 120 days, this court will then review the Board's order in the light of the existing records and the brief submitted.

In accordance with our order of remand the Board issued its order remanding the proceedings to the Regional Director and ordering that the ALJ conduct a supplemental hearing. The ALJ took additional evidence on January 12 and 13, 1978. In his supplemental decision the ALJ found that Rogers was not a reliable and credible witness. This finding was based on evidence that Rogers had attempted to defraud Raska of $5,000 by attempting to sell to him two tapes of alleged conversations of union officials and the three discharged employees, wherein they were alleged to have conspired to fabricate testimony concerning the employees' work and discharge from the employer's plant. The ALJ concluded that the meetings never took place and the alleged tapes were nonexistent.

However, the ALJ concluded that the reasons set forth in his original decision and adopted by the Board were not affected by the discrediting of Rogers' testimony. He found that his conclusions were supported by independent documentary and testimonial evidence remaining in the record and by reasonable inference.

Most of the ALJ's original recommendations remained intact in his supplemental decision. However, because of Rogers' criminal conduct, the ALJ did not recommend that he be reinstated or given back pay. Additional findings were also made with regard to the reinstatement of the other two men. The ALJ found that both were voluntarily reinstated on November 24, 1975, and terminated a second time after the original hearing before the ALJ, for reasons not proscribed by the National Labor Relations Act. The ALJ therefore did not recommend that they be reinstated again and he made appropriate adjustments in his back pay recommendations for these two men.

The Board affirmed the ALJ's rulings, findings and conclusions, and adopted his recommendation with two modifications. It found that "it will effectuate the purpose of the Act to order [the employer] to make Rogers whole for earnings he may have lost from the date of his unlawful discharge until the date of his reinstatement." It further held that the interest rate on the back pay award should be six percent per annum, the rate set in the Board's original order, rather than "in the manner prescribed in *F. W. Woolworth Co.*, 90 NLRB 289 (1950), and *Florida Steel Corporation*, 231 NLRB No. 117 (1977)," as recommended by the ALJ.

■ This court has retained jurisdiction of this case and both parties have submitted supplemental briefs. We have thoroughly reviewed the original and supplemental proceedings and the contentions of the parties. After weighing the equities we determine that that portion of the Board's order awarding back pay to Michael Rogers should not be enforced. With that single exception we order enforcement of the Board's order.

■ The employer's only contentions on the original application for enforcement were that the evidence did not support the findings that the three employees were discharged for their union activities, that it threatened plant closure if the union won the representative election, that it granted an illegal pay raise, or that it interrogated an employee about union activities. On reviewing the record we find substantial evidence, even discrediting Rogers' testimony, to support these findings.

In its supplemental brief the employer challenges certain procedures at the supplemental hearing before the ALJ. We find that the supplemental hearing was properly handled. The ALJ took evidence concerning the criminal conduct of Rogers and based on that evidence determined that Rogers was not a credible witness. We agree. Disregarding Rogers' testimony, the ALJ found sufficient evidence in the original and supplemental proceedings to support his conclusions. We find that substantial evidence on the record as a whole does support the ALJ's conclusion.

The order of the National Labor Relations Board, except for the provision awarding back pay to Michael Rogers, is ordered to be enforced.